UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MAYO and KATHRYN MAYO,

    Plaintiffs,      Case No. 14-cv-10705
               HON. GERSHWIN A. DRAIN
v.

SETERUS, INC. and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT [#9] AND DISMISSING ACTION

### I. INTRODUCTION

On January 21, 2014, Plaintiffs, Brian and Kathryn Mayo, filed this action alleging wrongful foreclosure, violation of then-current MICH. COMP. LAWS §§ 600.3205a, 3205c (repealed 2013), and intentional infliction of emotional distress. Defendants Seterus, Inc. and Federal National Mortgage Association ("Fannie Mae") removed this matter from the Circuit Court for the County of Washtenaw, State of Michigan, on February 13, 2014. Presently before the Court is Defendants' Motion to Dismiss all of Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have fully briefed their respective positions, and the Court finds that oral arguments will not aid in the resolution of this matter pursuant to E.D. Mich. L.R. 7.1(f)(2).

For the reasons that follow, the Court will GRANT Defendants' Motion to Dismiss Plaintiffs' Complaint.

1

## II.  FACTUAL BACKGROUND

This matter involves real property located at 9315 Summerland Drive in Whitmore Lake, Michigan. On November 22, 2004, the Plaintiffs entered into a mortgage loan transaction with Quicken Loans. Plaintiffs executed a promissory note for $162,500.00. As security for the note, Plaintiffs granted a mortgage on the Summerland Drive property. The Washtenaw County Register of Deeds duly recorded the mortgage on November 22, 2004. Bank of America serviced the loan until October 1, 2011, when it transferred servicing rights to Defendant Seterus, Inc. Quicken Loans assigned the Mortgage to Defendant Fannie Mae on January 12, 2012 in Idaho. Mortgage Electronic Registration Systems, Inc. processed the assignment and an Idaho notary notarized the assignment. Plaintiffs have not contested the validity of the mortgage, the servicing transfer, or the assignment.

Plaintiffs defaulted on their obligations under the promissory note in late 2011. Fannie Mae commenced foreclosure proceedings on the Summerland Drive property in early 2013, resulting in a Sheriff's sale of the property on July 11, 2013. The statutory "redemption period" expired on January 11, 2014, ten days before Plaintiffs filed this suit.

Plaintiffs contend that this Court should set aside the Sheriff's sale. Plaintiffs allege that Defendants denied them a loan modification in bad faith and failed to comply with the requirements of then-current MICH. COMP. LAWS §§ 600.3205a, 3205c (repealed 2013). Plaintiffs also allege that Defendants engaged in extreme and outrageous conduct that amounts to intentional infliction of emotional distress.

Conversely, Defendants maintain that Plaintiffs lack standing because the Sheriff's sale was valid, leaving Plaintiffs with no interest in the property after the redemption period expired. Defendants argue in the alternative that they complied with the requirements of MICH. COMP.

2

LAWS §§ 3205a, 3205c (repealed 2013) and Plaintiffs' have failed to show fraud or irregularity in the foreclosure process sufficient to set aside the Sheriff's sale.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether a plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Givson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 500 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted

unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.*

The district court generally reviews only the allegations set forth in the complaint when determining whether to grant a Rule 12(b)(6) motion to dismiss, however the court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### B. Defendant's Motion to Dismiss

#### 1. Redemption Period Expired

Defendants first contend that Plaintiffs lack standing because the Sheriff's sale was valid, leaving Plaintiffs with no interest in the property after the redemption period expired. After a foreclosure and Sheriff's sale, Michigan law provides the mortgagor six months in which to redeem the property. MICH. COMP. LAWS § 600.3240(8). The Sixth Circuit has held that, once the six-month redemption period lapses, "the mortgagor's 'right, title, and interest in and to the property' are extinguished" under Michigan law. *Conlin v. MERS*, 714 F.3d 355, 359 (6th Cir. 2013).

Plaintiffs do not dispute that the six-month statutory redemption period has expired. However, expiration of the redemption period does not strip Plaintiffs' standing to assert their claim of wrongful foreclosure. While "the ability for a court to set aside a sheriff's sale has been drastically circumscribed," courts may "entertain the setting aside of a foreclosure sale when the mortgagor has made a 'clear showing of fraud, or irregularity.'" *Id.* In this case, Plaintiffs allege that the foreclosure was irregular because Defendants violated the modification and disclosure

requirements of MICH. COMP. LAWS §§ 600.3205a, 3205c (repealed 2013). Thus, under *Conlin*, Defendants are not entitled to dismissal solely based on lack of standing. *See id.*

### 2. Fraud or Irregularity due to Violation of §§ 600.3205a, 3205c

In *Conlin*, the Sixth Circuit clearly defined the type of fraud or irregularity required under Michigan law to set aside the Sheriff's sale after the expiration of the redemption period. *See* 714 F.3d at 362. Specifically, the defect must harm the mortgagor's position with respect to his interest in the property. *See id*. If "'the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property,' courts uphold a completed foreclosure sale." *Id*. In this case, Plaintiffs make two arguments in an attempt to establish fraud or irregularity sufficient to set aside the Sheriff's sale.

First, Plaintiffs contend in their Response that Defendants failed to provide them with the required notice of foreclosure and right to contact a housing counselor pursuant to MICH. COMP. LAWS § 600.3205a (repealed 2013). Both Plaintiffs presented signed affidavits attesting to the fact that they did not receive the required notice of foreclosure. However, Plaintiffs' affidavits directly contradict the allegations in the Complaint, wherein Plaintiffs alleged that they "received notice that their mortgage was now in foreclosure and set for sale . . . ." (Compl. ¶ 12.) Moreover, the Statement of Compliance attached to the Sheriff's deed is presumptive evidence that the foreclosure sale was proper and valid, and that it included the required statutory disclosures. Plaintiffs' own allegations and the record evidence before this Court belie Plaintiffs self-serving affidavits. Plaintiffs cannot rely on affidavits that clearly contradict their factual allegations.

In any event, assuming, *arguendo*, that Defendants did fail to send the requisite disclosures, such a failure would not amount to fraud or irregularity sufficient for this Court to

5

set aside the Sheriff's sale. The Sixth Circuit has held that Michigan law imposes a high standard for fraud or irregularity. *See El-Seblani v. Indymac Mortg. Servs.*, 510 Fed. App'x 425, 429 (6th Cir. 2013). In order for this Court to set aside the Sheriff's sale, the Plaintiffs must demonstrate prejudice such that "they would have been in a better position to preserve their interest in the property absent defendant's noncompliance." *Kim v. JPMorgan Chase Bank*, 825 N.W.2d 329, 337 (Mich. 2012); *see also Conlin*, 714 F.3d at 362. Thus, setting aside Plaintiffs' pleading deficiencies, Plaintiffs must still state a plausible claim that Defendants' alleged failure to provide the requisite disclosures caused them prejudice of the type contemplated in *Kim, Conlin* and *El-Seblani*.

To support their argument, Plaintiffs rely solely on an inference from *Young v. BAC Home Loans Servicing*, No. 11-12613, 2012 WL 72299 (E.D. Mich. Jan. 10, 2012). In *Young*, the court granted defendant's motion to dismiss where plaintiff challenged a foreclosure under MICH. COMP. LAWS § 600.3205. *Id.* at *10. The court granted the motion to dismiss because it found that the plaintiff received proper notice of foreclosure and failed to request a meeting for a loan modification within the required statutory period. *Id.* at *6-7. Plaintiffs ask this Court to infer that the plaintiffs in *Young* would have prevailed had the defendant in that case failed to send the required disclosures and to apply that reasoning here to deny Defendants' motion. However, the reasoning Plaintiffs ask this Court to apply does not necessarily follow from the *Young* court's decision; Plaintiffs' argument extrapolates far beyond the reasoning in that case. The *Young* court's decision may have turned on the finding that the defendant provided notice, but it did not speak to what action a court should take under *Kim* and *Conlin* if a defendant fails to provide notice.

Plaintiffs contend that this Court should nevertheless find a plausible claim for prejudice on the facts of this case. Plaintiffs argue that, had they received proper notice, they would have

filed suit to convert the foreclosure proceeding to a judicial foreclosure. However, Plaintiffs have presented no facts to explain how the prospect of a judicial foreclosure would have put them in "a better position to preserve their interest in the property" as is required to show prejudice under *Kim*. 825 N.W.2d at 337. Plaintiffs do not dispute that they defaulted on the note, nor do they contest the validity of the mortgage. Thus, it is likely that a judicial foreclosure proceeding would have resulted in the same outcome for Plaintiffs: a Sheriff's sale.

Second, Plaintiffs contend that Defendants violated then-current MICH. COMP. LAWS § 600.3205c by failing to provide Plaintiffs with a loan modification in bad faith. The Complaint states no specific factual allegations to support the contention that Defendants acted in bad faith. Furthermore, MICH. COMP. LAWS § 600.3205c does not create an unconditional duty for Defendants to grant a loan modification. Instead, the statute requires that lenders designate a representative to work with the borrower and determine whether the borrower qualifies for a loan modification. The relevant portion of the statute states that "the person designated … shall work with the borrower to determine whether the borrower qualifies for a loan modification." MICH. COMP. LAWS § 600.3205c (repealed 2013).

In any event, a violation of MICH. COMP. LAWS § 600.3205c would not justify setting aside the Sheriff's sale. The sole remedy is to convert the foreclosure by advertisement into a judicial foreclosure. MICH. COMP. LAWS § 600.3205c (repealed 2013). Thus, even assuming Plaintiffs' allegations are true, Plaintiffs have not stated a claim sufficient to demonstrate prejudice for the reasons discussed above.

### 3. Intentional Infliction of Emotional Distress

Plaintiffs additionally allege that Defendants acted recklessly and engaged in extreme, outrageous conduct that caused Plaintiffs severe emotional distress. Under the pleading standard set forth in *Twombly* and *Iqbal*, Plaintiffs must do more than recite formulaic legal conclusions.

To state a claim for which relief can be granted, Plaintiffs must state factual allegations that make the claim plausible. *See Twombly*, 500 U.S. at 555; *Iqbal*, 556 U.S. at 668. Here, Plaintiffs have not alleged specific actions of the Defendants that give rise to a plausible emotional distress claim. The sole fact that Plaintiffs' mortgage loan was not modified is insufficient. Plaintiffs' response to Defendants' motion offers no further facts or argument in support of the emotional distress claim beyond the formulaic recitations in the Complaint.

## IV.     CONCLUSION

Based on the pleadings before this Court, Plaintiffs have not stated a plausible claim of fraud or irregularity sufficient to set aside the Sheriff's sale. MICH. COMP. LAWS §§ 600.3205a, 3205c (repealed 2013) does not require that Defendants grant Plaintiffs a loan modification. The Plaintiffs' factual allegations that they did not receive Defendants' foreclosure notice, even if true, do not state a plausible claim entitling them to the relief requested. Even if Defendants did fail to send Plaintiffs the requisite disclosures, Plaintiffs provide no factual allegations explaining how the opportunity to pursue a judicial foreclosure would have put them in a better position to keep their home. Lastly, Plaintiffs have failed to state sufficient factual allegations in support of the intentional infliction of emotional distress claim.

For the reasons stated above, the Court will GRANT Defendants' Motion to Dismiss Plaintiffs' Complaint.

SO ORDERED.


Dated:  June 20, 2014

                                              /s/Gershwin A Drain  
                                              **GERSHWIN A. DRAIN**  
                                              UNITED STATES DISTRICT JUDGE